*Decision will be entered under Rule 50.*

THE ATLANTIC MONTHLY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE ATLANTIC MONTHLY COMPANY, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3505, 3506. Promulgated November 1, 1945.

*Claude R. Branch, Esq.*, and *John Dane, Jr., Esq.*, for the petitioner. *James T. Haslam, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The question remaining for our disposition is whether the amount of $23,814.69 paid by Press to petitioner under the contract and attendant circumstances set out in our findings of fact is deductible by Press as an ordinary and necessary business expense. The applicable statute is section 23 (a) (1) (A) of the Internal Revenue Code, which is set forth in the margin.[1] Petitioner contends that the amount is so deductible, whereas the respondent contends (a) that under the facts of this case it was neither ordinary nor necessary for Press to have entered into the February 3, 1941, contract with petitioner; (b) that the payment of the claimed expense constituted a voluntary payment which Press was under no legal obligation to make; and (c) that in any event the payment was excessive and unreasonable in amount.

The term "ordinary and necessary expenses" was construed by the Supreme Court in *Welch* v. *Helvering*, 290 U. S. 111, in which the Court said:

> We may assume that the payments to creditors of the Welch Company were necessary for the development of the petitioner's business, at least in the sense that they were appropriate and helpful. *McCulloch* v. *Maryland*, 4 Wheat. 316, 4 L. Ed. 579. He certainly thought they were, and we should be slow to override his judgment. * * * Now, what is ordinary, though there must always

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for. salaries or other compensation for personal services actually rendered; * * *

be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. * * *

Later, in *Deputy* v. *Dupont*, 308 U. S. 488, the Supreme Court said that "ordinary has the connotation of normal, usual, or customary."

In the light of these discussions by the Supreme Court, can it be said that the $23,814.66 representing payment of one-third of the royalties received by Press in the fiscal year 1941 from Little, Brown & Co. was an ordinary and necessary business expense of Press paid or incurred during the taxable year in carrying on its trade or business? We do not think under all the facts and circumstances present in this case that it can be so held. An examination of the statement printed in our findings of fact showing the income and disbursements of Press for the fiscal year ended April 30, 1941, will disclose that Press received royalties from Little, Brown & Co. aggregating $71,444.07. Of this amount it paid out as operating expenses items listed which aggregate $32,532.69. All of these items of expense respondent has allowed in his determination of the deficiencies. Among these items is one denominated "Additional charges by the Atlantic Monthly Company for services and expenses for the year, $4,753.00." Petitioner is contending that Press is not only entitled to have allowed to it as an ordinary and necessary business expense the foregoing item of $4,753, but it should also have allowed to it as ordinary and necessary business expenses the $23,841.69 shown in the statement as paid to Atlantic under the contract of February 3, 1941.

We think this latter payment falls into the category of the sort of payments which were made in *Maine Central Transportation Co.*, 42 B. T. A. 350, and claimed as business expenses. In that case the taxpayer was a wholly owned subsidiary of the Maine Central Railroad Co. and in the taxable years which were before us paid over all its net earnings except $500 in each year to the railroad company under a contract which it had entered into with the parent corporation in 1933 and claimed the payments as deductions for ordinary and necessary business expenses. We disallowed the deduction because it was not shown to be an "ordinary and necessary business expense."

It is true that in the instant case Press did not pay over to Atlantic all of it earnings except $500 as was done in the *Maine Central Transportation Co.* case; nevertheless, it seems to us that the nature of the $23,814.66 payment must be considered in the same category. Atlantic had organized Press as its wholly owned subsidiary to do the book-publishing end of its business. It might well have kept this part of the business as a separate department of its own business without the organization of a separate corporation, but it did not choose to do it that way. It elected to do its book publishing business through a wholly owned subsidiary, which was, of course, its right and privilege. However, we do not think that Press, after deducting payments to

Atlantic as reimbursement for time spent by the officers and employees of Atlantic in helping to carry on Press business, could still further pay over to Atlantic one-third of its total income received from Little, Brown & Co. and deduct this latter amount as "ordinary and necessary business expenses."

The two corporations as between themselves could of course contract that such payments should be made, but this fact does not make such payments deductible under section 23 (a) (1) (A), *supra*. As we said in *Eskimo Pie Corporation*, 4 T. C. 669, 677:

> It is not questioned by respondent, and we do not question the fact, that petitioner became obligated to make these so-called royalty payments by reason of the contract of June 1, 1937. The mere fact that an expense was incurred under a contractual obligation, however, does not make it the equivalent of a rightful deduction under section 23 (a). *Interstate Transit Lines* v. *Commissioner*, 319 U. S. 590. * * *

On this issue we think the Commissioner must be sustained.

*Decision will be entered for the respondent.*